(38 South. 818.)

No. 15,559.

FLOURNOY v. MILLER.*

(May 22, 1905.)

VENDOR AND PURCHASER—CONDITIONAL PROMISE OF SALE—APPROVAL OF TITLE.

1. The promise to sell was made on condition that the sale would be completed if the property was unincumbered and the title good. The matter of incumbrance and of title was left to the attorneys named in the written promise to sell.

2. The attorneys did not approve the title within the appointed time. The time appointed to sign the deed of sale elapsed.

3. The promisor cannot be held bound to complete the deed. The condition of the agreement was in the interest of both promisor and promisee.

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; Luther Egbert Hall, Judge.

Action by T. E. Flournoy against G. W. Miller. Judgment for defendant, and plaintiff appeals. Affirmed.

Hudson, Potts & Bernstein, for appellant. Cherubusco Newton, for appellee.

BREAUX, C. J. Plaintiff brought this suit to compel specific performance on the part of defendant of an agreement with certain conditions. As it is not lengthy, the principal part of the agreement is inserted here:

"I offer you for immediate acceptance the following described property for the consideration of twenty five hundred and fifty dollars cash to be paid when the deed is passed, as soon as the title can be investigated by Hudson, Potts and Bernstein, not later than the 5th of this month."

In the instrument in question follows a description of the property. The offer to sell was signed by defendant, the written acceptance by plaintiff.

At the appointed time, viz., the 5th day of February, 1904, the defendant, Miller, repaired to the office of the clerk of the court, and there met the plaintiff, Flournoy, who

_____

*Rehearing denied June 19, 1905.

handed defendant a letter from the law firm named in the instrument, stating that there were mortgages on the property and a defect in the title by reason of the fact that it was not certain whether the property was owned by the community which had been dissolved by the death of the wife of the vendor, Miller, appellee here, or by the said vendor personally.

No deed was executed on February 5th, when the parties met in the clerk's office, and no offer was made by plaintiff to pay the price, nor did either propose to pass the sale. On the 15th day of February defendant, Miller, wrote to plaintiff that:

"As the time limited for you to have the title looked up for the land I agreed to let you have, has been passed some 10 or 12 days now, and as you did not take the land at the time appointed or agreed to and as you think there may be some little defect in the title, I have decided not to sell the land."

The defendant added that as he had leased the land it added to the difficulty of completing a sale.

These are the facts upon which plaintiff grounded his suit. In his petition he averred that he was entitled to specific performance or damages. Defendant excepted on the ground that plaintiff had no cause of action; further, that plaintiff's demands were exclusive one of the other, and that plaintiff should be ordered to elect upon which particular cause of action he would proceed.

The exception was overruled, and the defendant thereafter answered at some length, setting up, inter alia, that "the stipulations and conditions embodied in said alleged promise of sale were never complied with by the plaintiff nor his attorneys; that the said stipulations and conditions never happened within the time limited, and the said alleged promise of sale never vested the plaintiff with any interest in said property, or any right to demand title thereto."

The district court rendered judgment in favor of defendant and appellee, from which plaintiff appeals.

We do not stop to consider the exception of defendant at any length. It was overruled by the district judge, and, we think, properly overruled. The propositions were alleged by plaintiff in the alternative, and left no doubt that it was the purpose to ask for specific performance or damages, as clearly laid down both in the body of plaintiff's petition and in the prayer.

The demands were not inconsistent, contradictory, or repugnant one to the other. If the court decided that petitioner was not entitled to specific performance, then he (petitioner) invoked the right to damages for breaking an agreement which he (plaintiff) assumed had been broken by defendant. Alternative demands are sometimes made. They do not give rise to a right to a dismissal of the petition when made as in this case, nor to the right of obtaining an order from the court to compel the defendant to elect.

### On the Merits.

There was a promise of sale, but no sale had been made. At the appointed time the plaintiff, Flournoy, who had bound himself to buy, was not satisfied with the title. The attorneys had not found the property unincumbered, nor the title legal.

The time fixed to pass the deed was as much in interest of the plaintiff as of the defendant. Had the person who proposed to buy bought under any other condition than that made part of said agreement, it would have in all probability led to legal complications all careful men seek to avoid.

The agreement was clearly expressed. Substantially it was that Flournoy was to satisfy himself not later than the 5th of the following February of the legality of the title.

Learned counsel cite the law which lays down the rule that a contract is formed "as soon as what is proposed by one of the parties is accepted by the other" (Civ. Code 1798), and also cite a number of decisions which interpret the article.

We have not found in this article or in the decisions in question authority for holding in the case here that there was a completed contract.

There was an agreement with condition. In other words, the sale was to be made if the attorneys approved the title.

When the time came stipulated in the instrument, and the plaintiff declared that he was not satisfied with the title for reasons before mentioned, there was an end of the sale contemplated on the condition before mentioned. Had the promise been a sale instead, then the vendor would have been bound in warranty, and he would have been bound to make good all that warranty requires.

It was not a sale, and the promise of sale with a condition, we infer, was made in order to allow the parties to examine into the title.

The promisor can scarcely be held bound, because within the stipulated time it became evident that the condition made part of the agreement could not be fulfilled. It was a condition which relieved him from the warranty that could arise in case of a sale, or in case he (the promisor) had bound himself expressly or impliedly to convey a complete title without examination.

Let us assume, for sake of illustration, that the parties had agreed that a sale would be passed should the notary before whom it was to be passed produce a certificate of non-mortgage within a stipulated time, and that it had become evident that no such certificate could be produced, the agreement would fall. The condition would be held binding.

The contract was not a promise to sell or a promise to buy, pure and simple. One party offered to sell provided the title was approved as before mentioned; the other promised to buy on the same condition. The latter could not insist upon the sale, for the attorneys did not succeed in finding a clear title within time stipulated.

The agreement was followed by a conditio

sine qua non to which we cannot do less than give force and effect.

We repeat, promise to sell is, in effect, a sale. This is the rule when the promise is not accompanied by a conditional or binding clause, such as the one here.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.